IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Ariel Abad ) | Case No.  14-22502-CMB |
| Karen L. Abad, ) | Chapter 13 |
| *Debtors* ) | Document No. |
| ) | |
| Ariel Abad, ) | |
| *Movants* ) | |
| ) | |
| vs. ) | |
| ) | |
| Amazon GE Capital Retail Bank, Atlas ) | |
| Acquisitions, LLC, Barclay Card Services, ) | |
| Best Buy, Cerastes, LLC, Capital One, ) | |
| Capital Recovery V, LLC, Chase Auto ) | |
| Finance, Duquesne Light Co., GE Capital ) | |
| Retail Bank, JPMorgan Chase Bank, Kohl's, ) | |
| Lakeview Loan Servicing, Lowes, M&T ) | **ENTERED BY DEFAULT** |
| Bank, Macy's, Medi-Help, Oliphant ) | |
| Financial, PNC Bank, PA Dept. of Revenue, ) | |
| Pittsburgh, Water & Sewer Authority, ) | |
| Portfolio Recovery Associates, LLC, Sam's ) | |
| Club, Sterling, Inc., TD Bank USA, N.A., ) | |
| Target Card Services, Verizon, Walmart and ) | |
| Ronda Winnecour, Trustee, ) | |
| *Respondents* ) | |

**ORDER EMPLOYING SPECIAL COUNSEL**

AND NOW, this ____ 25th day of _____ October _____, 2016 200x, upon consideration of the Debtor's ***APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL***, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Darren Parr, Esquire, Darren K. Parr Law Firm, 967 Liberty Avenue, Floor 2, Pittsburgh, PA 15222 is hereby appointed as *Special Counsel* for the Estate/Debtor pursuant to the terms (including compensation terms) described in the Fee Agreement attached to the above referenced Motion/Application for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtor in prosecuting a claim in her personal injury case giving rise to the Debtor's claim for personal injuries and damages as referenced to in the foregoing Motion/Application, *provided however,* no settlement of any claim is to occur without prior Court Order after notice and hearing.

2. Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including:  the time and labor reasonably required by counsel, the

novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances , the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

3. Approval of any application for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms. Final compensation, awarded only after notice and hearing may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. *Any Retainer paid to Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.*

4. Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this *Order* does not authorize Special counsel to retain or pay any outside counsel or other professional to assist Special counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

5. *Applicant shall serve the within Order on all interested parties and file a certificate of service.*

*Carlota M. Böhm*
United States Bankruptcy Judge **dms**

Case Administrator to mail to:
   Debtor: Ariel Abad
   Counsel: Darren Parr, Esquire

FILED
10/25/16 9:48 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Ariel Abad  
Karen L. Abad  
    Debtors

Case No. 14-22502-CMB  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2    User: dsaw    Page 1 of 1    Date Rcvd: Oct 25, 2016  
                     Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 27, 2016.  
aty          +Darren Parr,   967 Liberty Ave., 2nd fl.,    Pittsburgh, PA 15222-3701

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                         TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2016                                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 25, 2016 at the address(es) listed below:
        Andrew F Gornall    on behalf of Creditor    Lakeview Loan Servicing, LLC agornall@goldbecklaw.com,
         bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
        Christopher M. Frye    on behalf of Debtor Ariel  Abad chris.frye@steidl-steinberg.com,
         julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgoga@steidl-steinberg.com
        Christopher M. Frye    on behalf of Joint Debtor Karen L. Abad chris.frye@steidl-steinberg.com,
         julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgoga@steidl-steinberg.com
        Jeffrey R. Hunt    on behalf of Creditor    Pittsburgh Water & Sewer Authority jhunt@grblaw.com,
         cnoroski@grblaw.com
        Joshua I. Goldman    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
         ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtdrive.com
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                                                                                                      TOTAL: 8